**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

IN RE:

| | | |
|---|---|---|
| BELTIE, INC., | ) | |
| | ) | |
| WINTERWOOD FARM, LLC, | ) | |
| | ) | CHAPTER 12 |
| WINTERWOOD ACRES, INC., and | ) | CASE NO. 07-21016 |
| | ) | |
| ROBERT & JUDITH ST. ONGE | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |

*****************************

THIS PLAN CONTAINS MATTERS WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED AS TRUE.  WHILE THE CREDITORS MAY NOT VOTE ON THIS PLAN, MAY OBJECT TO ITS CONFIRMATION PURSUANT TO 11 U.S.C SEC. 1224.  ANY OBJECTIONS TO THE PLAN MUST BE IN WRITING, FILED WITH THE COURT, AND SERVED UPON DEBTORS' COUNSEL (OR THE DEBTOR, IF PRO SE), AND THE CHAPTER 12 TRUSTEE AT LEAST (10) DAYS PRIOR TO THE HEARING ON CONFIRMATION.  ABSENT ANY OBJECTION, THE COURT MAY CONFIRM THIS CHAPTER 12 PLAN WITHOUT FURTHER NOTICE OR HEARING.

**Introduction**

*Robert & Judith St. Onge reside at 100 Not-a-Road, Lyman, Maine and own the entities which own and operate a farm and commercial composting operation.  One entity, Winterwood Acres, Inc., owns certain real estate located at 106 Winterwood Lane, Lyman, Maine.  The second entity, Winterwood Farm, LLC operates a farm on the 106 Winterwood Lane real estate.  The third entity, Beltie, Inc. operates a commercial compost facility located at 106 Winterwood Lane.  Both Winterwood Farm, LLC and Beltie, Inc. own and share, by lease, certain business equipment and vehicles used in the farm and compost facility.  Winterwood Acres, Inc., owns no assets other than the business real estate.*

*Robert & Judith St. Onge own 5 parcels of real estate in addition to their residence.  Two of the parcels, at 370 South Waterboro Road and 98 Not-a-Road, Lyman, Maine have rental units.  The other 3 parcels, located at 80 Not-a-Road, 40 Not-a-Road, and Davis Road, Lyman, Maine are undeveloped acreage.*

## CHAPTER 12 PLAN

Pursuant to 11 U.S.C. Section 1221 and 1222, the debtors propose the following plan. The debtors submit all or such portion of their future earnings or income or estate to the supervision and control of the Trustee as is necessary for the execution of the plan.

1. This is a **50** month plan; beginning April 15, 2008.

2. The debtor shall make the following **payments to the trustee.** The total amount to be paid to the Trustee is **$664,00.00**, plus all tax refunds in excess of $1,200.00 per year, per debtor.

    a) **Payment Schedule**:

    |        | 2008     | 2009     | 2010     | 2011     | 2012     |
    |--------|----------|----------|----------|----------|----------|
    | Jan.   |          | $2,000   | $2,000   | $2,000   | $2,000   |
    | Feb.   |          | $2,000   | $2,000   | $2,000   | $2,000   |
    | March  |          | $2,000   | $2,000   | $2,000   | $2,000   |
    | April  | $7,000   | $7,000   | $7,000   | $7,000   | $7,000   |
    | May    | $85,000  | $85,000  | $85,000  | $85,000  | $85,000  |
    | June   | $24,000  | $24,000  | $24,000  | $24,000  |          |
    | July   | $5,000   | $5,000   | $5,000   | $5,000   |          |
    | Aug.   | $5,000   | $5,000   | $5,000   | $5,000   |          |
    | Sept.  | $5,000   | $5,000   | $5,000   | $5,000   |          |
    | Oct.   | $2,000   | $2,000   | $2,000   | $2,000   |          |
    | Nov.   | $2,000   | $2,000   | $2,000   | $2,000   |          |
    | Dec.   | $2,000   | $2,000   | $2,000   | $2,000   |          |
    |        |          |          |          |          |          |
    | Total  |          |          |          |          | $664,000 |

    b) Lump sum payment(s) of $_____ shall be made, the source of which is _____.

    c) Other: [specify]: **collection of preference claims to be paid in addition to the above amounts.**

3. **Administrative expenses and claim** allowed under 11 U.S.C. Sec. 503(b) and any fees and charges assessed against the estate under 28 U.S.C. Sec. 586(e) and 1930, shall be paid in full from the funds paid by the debtors to the Trustee as follows:

    a) Trustee's fee not to exceed 10%:           $66,400.00
    b) Attorney's fee to be paid through plan:    $20,000.00
    c) Administrative Reserve:                    $30,000.00

4. **Claims secured by property of the estate** shall be paid as follows:

a) The following secured claims shall be paid by the debtors directly pursuant to the existing contract(s) between the debtors and the creditor as follows. The lien securing each claim shall be unimpaired.

Creditor: Citimortgage
Collateral: 1st mortgage on real property located at 100 Not-a-Road
PP&T: $2,133.41 to April 13, 2034
Interest rate: 6.75%
Date next payment due: March 1, 2008

Creditor: Citimortgage
Collateral: 1st mortgage on real property located at 98 Not-a-Road
PP&T: $1,475.50 to April 13, 2034
Interest rate: 8.5%
Date next payment due: March 1, 2008

Creditor: Household Finance Corp.
Collateral: 2nd mortgage on real property located at 100 Not-a-Road
PP&T: $401.29 to February 1, 2028
Interest rate: 8%
Date next payment due: March 1, 2008

Creditor: Northeast Trading Corp.
Collateral: 370 South Waterboro Road, 98 Not-a-Road,
106 Winterwood Lane, equiptment
PP&T: $1,778.85 to February 1, 2038
Interest rate: 8%
Date next payment due: March 1, 2008

Creditor: Option One Mortgage
Collateral: 1st mortgage on real property located at
370 South Waterboro Road
PP&T: $1,679.55 to February 1, 2038
Interest rate: 7%
Date next payment due: March 1, 2008

Creditor:       Coastal Enterprises
Collateral:     100 Not-a-Road, 80 Not-a-Road, equipment
PP&T:           $2,190.41 to April 1, 2019
Interest rate:  8%
Date next payment due:   May 1, 2008


Creditor:       BSAEDC
Collateral:     80 Not-a-Road, equipment
PP&T:           $1,395.29 to April 1, 2019
Interest rate:  8%
Date next payment due:   May 1, 2008


Creditor:       State of Maine, Dept. of Agriculture  c/o FAME
Collateral:     106 Winterwood Lane, Equipment
PP&T:           $1,345.18 to April 2028
Interest rate:  5%
Date next payment due:   May 1, 2008


Creditor:       Rivergreen Bank
Collateral:     106 Winterwood Lane
PP&T:           $4,706.86 to April 1, 2028
Interest rate:  8.0%
Date next payment due:   May 1, 2008


b) The following secured claims shall be paid in full or to the extent of value of the collateral from the funds paid by the debtors to the trustee as follows. Confirmation of the plan is a judicial determination of the value of the collateral as set forth below. The lien securing each claim shall be discharged upon payment pf the secured portion of the claim; the lien shall remain in place until the secured portion is paid. Any undersecured portion of the claim shall be treated as unsecured. A creditor must file a proof of claim by the bar date to be entitled to payment.

Creditor:       Rivergreen Bank
Collateral:     equipment
Amount:         $130,865.00
Interest rate:  8.0%


Creditor:       Rivergreen Bank
Collateral:     equipment
Amount:         $37,781.00

    Interest rate:  8.0%

---

    Creditor:  Bangor Savings Bank
    Collateral:  2002 Ford F250 Truck
    Amount:  $1,830.31
    Interest rate:  8.0%

---

    Creditor:  Town of Lyman
    Collateral:  various parcels of real estate
    Amount:  $14,923.00
    Interest rate:  8.0%

---

    Creditor:  CNH Capital America LLLC
    Collateral:  equipment
    Amount:  $77,506.04
    Interest rate:  8.0%

---

    Creditor:  Bangor Savings Bank
    Collateral:  2005 Ford F350 Truck
    Amount:  $23,835.81
    Interest rate:  8.0%

---

    Creditor:  FMCC
    Collateral:  2003 Ford F650 Truck
    Amount:  $33,633.00
    Interest rate:  8.0%

---

    Creditor:  Diversified Financial Services
    Collateral:  Kawasaki Front End Loader
    Amount:  $82,994.16
    Interest rate:  8.0%

5.   **Claims entitled to priority** under 11 U.S.C. Sec. 507(a) shall be paid in full from the funds paid by debtors to the trustee as follows, unless a creditor agrees to a different treatment of such claim.  A creditor must file a proof of claim by the bar date to be entitled to payment.

       Creditor:     MRS
       Amount:     $2,400.00

6. **Interim distribution** may be made pursuant to court order to provide payment to undisputed and timely filed priority and secured claims.

7. **Unsecured (and undersecured) creditors' claims** are listed on each of the debtors schedules and are in the approximate amounts set forth below:

   a. $159,442.00 for Beltie, Inc.
   b. $127,349.00 for Winterwood Farm, LLC
   c. $50,000.00 for Winterwood Acres, Inc.; and
   d. $275,262.00 for Robert & Judith St. Onge

A creditor must file a proof of claim by the bar date to be entitled to payment. The Court will issue an order after the bar date determining the actual dividend. Payment will be made from the funds paid by the debtors to the trustee. The dividend to be paid to each general unsecured creditor will be determined by dividing the funds available by the total amount of general unsecured claims actually filed and allowed. Unsecured creditors will not receive payment until after payment in full of administrative, secured, and priority claims.

8. **Chapter 7 Liquidation Test (11 U.S.C. §1325(a)(4)).** If this case were liquidated under Chapter 7 rather than reorganized under Chapter 12, the trustee would be entitled to sell, collect or recoup certain assets for the benefit of creditors. The liquidation amount which would be available for unsecured creditors and administrative reserve, net of valid secured claims and exemptions is set forth below:

   a. $0.00 for Beltie, Inc.
   b. $0.00 for Winterwood Farm, LLC
   c. $0.00 for Winterwood Acres, Inc.; and
   d. $77,400.00 for Robert & Judith St. Onge

The debtor certifies that at least this cash amount will be paid to the trustee for the benefit of unsecured creditors and administrative reserve in this case. From the funds submitted by the debtor, the trustee will pay a pro rata share of approximately the amounts as set forth below after all other claims have been paid. A creditor must file a proof of claim by the bar date to be entitled to payment. The Court will issue an order after the bar date determining the actual dividend.

   a. $10,000.00 for Beltie, Inc.
   b. $10,000.00 for Winterwood Farm, LLC
   c. $1,000.00 for Winterwood Acres, Inc.; and
   d. $79,000.00 for Robert & Judith St. Onge

9. **Executory Contracts and Leases.**
The following leases are assumed by the debtors:

| Creditor/Lessor/Other Party To Contract or Lease | Description |
|---|---|
| Wells Fargo Financial Leasing, Inc. | 1st payment to be made 5/1/08 |

10. **Special Provisions.** The following other special provisions of the plan appear on the attached schedules as indicated.

   [] No other special provisions.
   [] Schedule I – Co-debtor matters (11 U.S.C. §§1301 & 1322(b)(1))
   [] Schedule II – Lien avoidance (11 U.S.C. §522)
   [] Schedule III – Sale of property (11 U.S.C. §363)
   [] Schedule IV – Injunctive Relief (11 U.S.C. §2002(c)(3) and Fed.R.Bankr.P. 7001(7))
   [X] Schedule V – Other **Collection of any preference claims against David Laurie, et al in the approximate amount of $15,000.00**

Dated:  February 4, 2008        /s/ Robert St. Onge
                                Debtor

Dated:  February 4, 2008        /s/ Judith St. Onge
                                Debtor

Dated:  February 4, 2008        /s/ James F. Molleur
                                James F. Molleur, Esq.
                                Attorney for Debtor(s)
                                419 Alfred Street
                                Biddeford, ME 04005
                                (207) 283-3777