**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROBERT ST. ONGE and | ) | Chapter 12 |
| JUDITH ST. ONGE, | ) | Case No. 07-21019 |
| | ) | |
| BELTIE, INC. | ) | Chapter 12 |
| d/b/a/ WINTERWOOD FARM COMPOST | ) | Case No. 07-21016 |
| | ) | |
| WINTERWOOD FAR, LLC | ) | Chapter 12 |
| | ) | Case No. 07-21017 |
| | ) | |
| WINTERWOOD ACRES, INC., | ) | Chapter 12 |
| | ) | Case No. 07-21018 |
| Debtors | ) | |

**STATE OF MAINE'S MOTION FOR CLARIFICATION REGARDING SCOPE OF THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM STAY**

NOW COMES the State of Maine Department of Environmental Protection ("State" or "Department") pursuant to 11 U.S.C. § 362(b)(4) and Local Bankruptcy Rule 4001-1 and requests this Court clarify the scope of the automatic stay, or alternatively grant it relief from the automatic stay. Support for the State's motion is set forth as follows:

1. On or about August 28, 2006, the State filed a complaint with the York County Superior Court against Winterwood Acres, Inc., Winterwood Farm, LLC, and Beltie, Inc., in which it alleged that the Defendants had violated Maine's Water Pollution Control laws, 38 M.R.S.A. § 413(1); the Maine

Hazardous Waste, Septage and Solid Waste Management Act, 38 M.R.S.A. § 1306(1); the Department's Solid Waste Management rules for Processing Facilities, 06-096 CMR 409; and Department licensing order S-021773CF-D-T. The docket number for the complaint is CV-06-228.

2. The parties agreed to a resolution of the alleged violations in a Consent Decree and Order signed by the York County Superior Court on August 10, 2007. A copy of the Consent Decree and Order is attached to this motion as Exhibit A.

3. The Consent Decree and Order required the Defendants to, among other things, submit an application to the Department consistent with Department rules for a spray irrigation wastewater discharge license.

4. To date the Defendants have failed to comply with the terms of the Consent Decree and Order.

5. On or about February 8, 2008, the Department filed a Contempt Motion & Memorandum pursuant to Maine Rule of Civil Procedure 66(d) with the York County Superior Court. A copy of the motion is attached to this motion as Exhibit B.

6. The Department's Contempt Motion & Memorandum sets forth the Defendants' failure to comply with the Consent Decree and Order and explains the consequences of such failure, including the continued illegal discharge of wastewater resulting in excessive growths of bacteria and fungus in a stream adjacent to the Defendants' property causing water quality in the stream to fall below statutory water quality classifications.

7. The Department's motion for Contempt was set for hearing in the York County Superior Court on April 18, 2008. The court agreed to continue the motion until May 15, 2008, because the Defendants requested opportunity to present witnesses.

8. The Defendants in the York County Superior Court proceeding are Debtors in the above-captioned Chapter 12 proceedings, having filed individual petitions on November 6, 2007.

9. Pursuant to 11 U.S.C. § 362(b)(4), the filing of a bankruptcy petition does not operate as a stay of the continuation of an action by a governmental unit to enforce such governmental unit's police or regulatory power. *In re Nelson*, 240 B.R. 802, 805 (Bankr. D. Me. 1999).

10. Debtors in bankruptcy are required to comply with state law, including environmental laws and regulations. 28 U.S.C. § 959(b). *In re Nelson*, 240 B.R. at 805 (citing *Penn Terra Ltd. v. Department of Environmental Resources*, 733 F.2d 267 (3d. Cir. 1984)). *See also Wilner Wood Prods, Inc. v. State of Maine*, 128 B.R. 1, 3 (D. Me. 1991); *In re Stevens*, 68 B.R. 774, 778 (Bankr. D. Me. 1987).

11. The Department is a governmental entity charged with responsibility to enforce state laws and regulations that protect the environment, including such laws and regulations listed in paragraph 1 regarding wastewater discharge. 38 M.R.S.A. § 341-A. Section 362(b)(4) expressly allows the Department to proceed with its contempt action against the Debtors in state court to require them to comply with the Consent Decree and Order. The automatic stay does

not serve as a shield against application and enforcement of state laws.

*Cournoyer v. Town of Lincoln*, 790 F.2d 971, 977 (1st Cir. 1986).

WHEREFORE, the State of Maine Department of Environmental Protection requests this Court enter an Order clarifying that the automatic stay does not apply to prevent the state court action, or alternatively granting relief from the operation of the automatic stay in the above-referenced bankruptcy cases so that the State can proceed against the Debtors on its motion for contempt in the York County Superior Court.


DATED: April 23, 2008          /s/ Elizabeth J. Wyman_____
                               ELIZABETH J. WYMAN
                               Assistant Attorney General
                               6 State House Station
                               Augusta, ME  04430
                               207/626-8852

                               Attorney for the Maine Department
                               of Environmental Protection