UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

IN RE:

BELTIE, INC.,
D/B/A WINTERWOOD FARM COMPOST

ROBERT ST. ONGE and
JUDITH ST. ONGE

WINTERWOOD FARM, LLC

WINTERWOOD ACRES, INC.

          Debtors

CHAPTER 12

Case No. 07-21016

Case No. 07-21019

Case No. 07-21017

Case No. 07-21018

**********************************

Biddeford-Saco Area Economic
Development Corporation,

    Movant

v.

Winterwood Farm, LLC, Robert.
St Onge and Judith St. Onge,

    Debtors

and

Peter C. Fessenden, Esq., Trustee

    Chapter 12 Trustee
**********************************

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES Biddeford-Saco Area Economic Development Corporation, a secured creditor and party-in-interest in the above captioned matter (hereinafter "BSAEDC"), by and through its attorneys Woodman Edmands Danylik & Austin, P.A., and pursuant to section 362(d) of the United States Bankruptcy Code and Rules 4001-1 and 9013-1 of the Maine Bankruptcy Rules, moves this Honorable Court for relief from the automatic stay set forth in section 362(a) of the United States Bankruptcy Code. In support of its Motion, BSAEDC states as follows:

1. This Court has jurisdiction of this action under 28 U.S.C. § 157, 1334 and Order of the United States District Court for the District of Maine. This is a core proceeding pursuant to 28 U.S.C. § 157(2)(A), 157(2)(G) and 157(2)(O).

2. BSAEDC is a corporation duly organized and existing pursuant to the laws of the State of Maine, with a place of business in Saco, Maine.

3. Debtor Winterwood Farm, LLC ("Winterwood Farm") is a limited liability company organized and existing pursuant to the laws of the State of Maine, with a place of business in Lyman, Maine.

4. Debtors Robert St. Onge and Judith St. Onge (collectively, "St. Onge") are residents of Lyman, Maine.

5. Debtors Winterwood Farm and St. Onge filed a petition for relief under Chapter 12 of the United States Bankruptcy Code on November 6, 2007.

6. Peter C. Fessenden, Esquire, is the duly appointed, acting and qualified Trustee in the Debtors' Chapter 12 case.

7. On or about April 30, 2004, Debtor Winterwood Farms executed and delivered to BSAEDC a Commercial Note in the original principal amount of One Hundred Fifty Thousand ($150,000.00) Dollars (hereafter, the "Note").

8. Debtors St. Onge each executed and delivered to BSAEDC a written Guaranty on or about April 30, 2004, in which they unconditionally guaranteed all of the obligations of Winterwood Farms, including the Note.

9. To secure said obligation, on or about April 30, 2004, Debtors St. Onge executed and delivered to BSAEDC a Guaranty Mortgage and Security Agreement, which has been recorded in the York County Registry of Deeds at Book 14084, Page 179, encumbering certain undeveloped real estate situated at 80 Not-a-Road in the Town of Lyman, County of York and State of Maine, and more particularly described therein (the "Woodlot").

10. To further secure said obligation, on or about April 30, 2004, Debtors St. Onge executed and delivered to BSAEDC a Guaranty Mortgage and Security Agreement, which has been recorded in the York County Registry of Deeds at Book 14084, Page 210,

encumbering certain land and buildings situated at 100 Not-a-Road in the Town of Lyman, County of York and State of Maine, and more particularly described therein (the "Farm").

11. BSAEDC's Claim in the amount of $147,079.67, was filed on March 3, 2008 and allowed on November 5, 2008.

12. In their proposed Chapter 12 plan, as amended, the Debtors promised to make monthly installment payments on the Note to BSAEDC outside the plan.

13. The Debtors' First Amended Chapter 12 Plan was confirmed by this Court's Order of July 16, 2008, which specifically stated: "BSAEDC's monthly installment shall be $1,767.48 for a term of 11 years at 8% interest."

14. The Debtors have made no payments to BSAEDC whatsoever pursuant to the Court's Order.

15. The amount owed to BSAEDC under the terms of the Note and mortgage as of September 30, 2009 is as follows:

| | |
|---|---:|
| Principal | 130,455.45 |
| Interest | 28,647.18 |
| Penalty | 2982.97 |
| Appraisal fees | 4400.00 |
| Attorney's fees to date | 3363.50 |
| **Total** | **$169,849.10** |

16. BSAEDC lacks adequate protection for its security interests in the above described property.

17. As a result of the foregoing, "cause" exists for the granting of relief from the automatic stay.

18. On information and belief, Debtors lack equity in the Woodlot, and such property is not necessary to an effective reorganization.

19. Debtor's counsel does not consent to this motion.

WHEREFORE, BSAEDC respectfully requests that this Honorable Court enter an order authorizing BSAEDC to exercise its rights with respect to the Woodlot pursuant to

applicable state law and the terms of the Loan Documents, including the repossession, foreclosure and sale of same, and for such other and further relief as the Court deems just and equitable

Dated at Biddeford, Maine this 30th day of September, 2009.

/s/ James B. Smith, Esq.
Attorney for Creditor BSAEDC
WOODMAN EDMANDS DANYLIK & AUSTIN, P.A.
234 Main St., P.O. Box 468
Biddeford, ME  04005-0468
(207) 284-4581
jbs@woodedlaw.com